We'll hear argument next in the case of Thomas v. JBS Green Bay. Mr. Decker. Good morning. May it please the Court. This Court should vacate and remand the District Court's judgment dismissing Mr. Thomas' employment discrimination, hostile work environment, and retaliation claims for two reasons. First, the District Court applied an incorrect standard of the harm that Mr. Thomas will ultimately have to prove in order to prevail on his employment discrimination claims. And second, the District Court erroneously applied the equivalent of a summary judgment standard to the statement of Mr. Thomas' claims when ruling on Defendant JBS' Rule 12b-6 motion to dismiss. Turning to the first argument, the District Court dismissed Mr. Thomas' claims because it concluded, as a matter of law, that the injuries that Mr. Thomas suffered as a result of this discrimination did not rise to a material level. This materially adverse standard that the District Court relied on comes from this Court's precedent but was recently reversed in the Supreme Court case Muldrow v. City of St. Louis. The Supreme Court in Muldrow explained that a plaintiff no longer needs to satisfy the high bar of a significance test and instead must only prove, quote, some harm respecting an identifiable term or condition of employment. Because the District Court applied an incorrect standard of the harm to Mr. Thomas' claims, the District Court's judgment should be vacated and remanded. Second, and more fundamentally, by focusing on the nature and extent of the harm suffered by Mr. Thomas at this stage in the proceedings, the District Court erroneously applied the equivalent of a summary judgment standard to the statement of Mr. Thomas' claims when ruling on JBS' Rule 12b-6 motion. The purpose of Rule 12b-6 is to ensure that plaintiffs comply with Rule 8a-2 of the Federal Rules of Civil Procedure when drafting their pleadings. Rule 8a-2 requires only that a plaintiff provide, quote, a short and plain statement showing that the pleader is entitled to relief. The Supreme Court and this Court have repeatedly affirmed that Rule 8a-2 presents a low bar in Title VII cases. There's a whole line of cases that we addressed in our brief that JBS failed to respond to in any depth. Sperkovich is the Supreme Court case that addresses the appropriate pleading standard in employment discrimination claims. In that case, Mr. Sperkovich filed a very simple complaint alleging only that his employment had been terminated because of his national origin in violation of Title VII and because of his age in violation of the Age Discrimination in Employment Act. The Supreme Court explained that even though this complaint was very bare bones, it nevertheless, quote, easily satisfied the requirements of Rule 8a because it gave respondent fair notice of the basis for petitioner's claims, close quote. This Court has elaborated on this standard providing that a plaintiff only needs to plead three things when alleging employment discrimination. One, the type of discrimination that the plaintiff thinks occurred. Two, who did it. And three, when. This comes up in Freeman v. Metropolitan Water Reclamation District, Bennett v. Schmidt, and Shedd v. Bredman, which was recently decided this year. Mr. Thomas' complaint follows this framework exactly. He alleges that based on his color, he was discriminated in the following ways. On August of 2021, JBS denied him vacation while approving the vacation of other coworkers. In September of 2021, JBS falsely accused Mr. Thomas of not working. In January of 2022, JBS issued Mr. Thomas a false write-up. In February of 2022, JBS changed his shifts. After Mr. Thomas filed his complaint in March of 2022, JBS failed to investigate Mr. Thomas' complaints of workplace discrimination. And in June of 2022, JBS failed to train Mr. Thomas on a critical piece of equipment. And finally, in August of 2023, JBS again changed Mr. Thomas' work schedule, even though it made it extremely inconvenient for him at the time. Are you contending that all of those things satisfy the requirement in Muldrow? The Supreme Court said there must be harm. It doesn't have to be a big harm. There must be harm. The list you've just rattled off, there are a lot of things that don't sound like harm at all. Why do they count? That's an excellent question, Your Honor. It's important to recognize that Muldrow addressed the proof standard that a plaintiff will ultimately need to satisfy at a later stage. There are some things in that list, particularly the denial of leave, that sound like harm. I'm asking whether you think everything in that list identifies harm. I think depending on the evidence that Mr. Thomas can bring forward, he can prove that those actions constitute some harm under Muldrow at the summary judgment or later stage in the case. We don't know exactly what some harm means at this stage because the Supreme Court didn't directly define it in the Muldrow case. You defined it by saying you don't have to allege a lot of harm. Exactly. There isn't a clear de minimis standard that has to be met, but we have seen in a number of district court opinions, which we cite in our brief, throughout the country as district courts are trying to determine what those standards are. It may be that all of this should be left for summary judgment rather than a complaint stage. I'm just trying to pin down whether you are really behind the proposition that everything on that list, if substantiated by evidence, is harm. That is our position. Let me ask you, are you asking us to go ahead and find that Mr. Thomas has cleared the 12B6 hurdle or to remand to the district court to reconsider his complaint in light of Muldrow? Do you want us to make the finding or send it back to the district court to do it in the first instance? We want to have the district court find it in the first instance. We want to ensure that… Gee, you really prefer a remand to a remand? I should explain a little bit more. Usually lawyers say their hierarchy is win, remand, lose. You seem to be saying your hierarchy is remand, win, lose. I don't know if I understood the question correctly, but we are asking that this court determine that Mr. Thomas did cross the threshold of Rule 12B6. Okay. Thank you. Thank you. I have another question about what you're arguing. With hostile work environment, there's a portion of your brief that I read to say it's an alternative argument. Because you say, finally, in the alternative, even if he's unable to prove with regard to the discrimination, he may still be able to prove hostile work environment. Are you posing that as an alternative argument such that if we find for you in the discrimination claim, we don't need to reach hostile work environment? No, and I apologize if the wording comes off that way. The hostile work environment claims are in addition to the discrimination claims. Okay, so now that we're on hostile work environment, do you argue that his allegations show that he was subjected to sufficiently severe discrimination or pervasive or both? So as we explain in the brief, at this stage in the proceedings, a plaintiff does not need to allege severity or pervasiveness of the hostility in the work environment. In Go Vis Argento Foods, this court identified only three factors. And again, they align with the same three factors that I mentioned earlier for employment discrimination. It's just the type of discrimination, who and when. And Mr. Thomas alleges that six of the earlier actions that I went through created a hostile work environment for him. And therefore, he met the standard under Go Vis Argento Foods. With respect to the retaliation claims, the same case, Go Vis Argento Foods, identifies three things that a plaintiff must plead in order to survive motion to dismiss when alleging retaliation. And these are one, that the employee engaged in protected activity. Two, that the employer took an adverse action against the employee. And three, that the employer did so because the employee engaged in protected activity. There are four separate instances of retaliation that Mr. Thomas alleges in his complaint occurred. The first one is when he filed a discrimination complaint with HR. Shortly thereafter, JBS gave him an undeserved negative evaluation. Later on, Mr. Thomas filed a second discrimination complaint with HR. And then JBS changed Mr. Thomas' shift in reaction to that complaint. The third time, Mr. Thomas filed a discrimination and retaliation complaint with JBS' corporate office. And shortly thereafter, JBS failed to investigate Mr. Thomas' claims. And finally, after Mr. Thomas filed an EEOC charge in this lawsuit, JBS changed his work schedule, making his work more difficult because he was having difficulty dealing with the birth of a premature child. It's very clear from the simple standard laid out in Go that Mr. Thomas complied with the requirements of a plaintiff alleging retaliation. Counsel, your client was pro se in the district court, correct? Absolutely, yes. What bearing, if any, do you think that has on how we might rule? Yeah, it has a very big impact on how you might rule. This court has made it very clear that pro se pleadings are to be construed even more liberally under these already liberal standards. Finally, I just wanted to address a couple of things that JBS— What do you think that means concretely? All pleadings are supposed to be construed liberally. More liberal than liberal? They're supposed to be construed radically? Bluer than blue? I should clarify that. This was not necessarily a liberal standard, but a very low bar. Nonetheless, plaintiffs— It's supposed to be a low bar for all complaints. Yes, for all complaints. That's why I don't understand in what way it's lower for pro se plaintiffs. I understand that you're supposed to try hard to figure out what they're saying, and that can be very difficult for a judge. Exactly. In what way does that affect what you have to do to show a claim? I think— And if you can answer this now, you will get a big gold jar, because courts have been struggling with this for 60 years. Right. I think that is—I think the proper understanding of a liberal pleading standard would be, as you explained, putting in the extra effort to determine what it is that the plaintiff is alleging in the claim. Unless the court has further questions, I'll reserve the remainder of my time for rebuttal. Certainly, counsel. Ms. Knapp. Good morning. May it please the court. I am Amy Knapp, and I, along with James Cordy, sitting at counsel's table, represent defendant JDS Green Bay Inc. Today, I will primarily discuss the recent decision in Muldrow, and why we do not think that that decision undermines the district court's decision to dismiss plaintiffs' discrimination claims for want of legally cognizable adverse actions. I don't plan to discuss in detail the retaliation and hostile work environment claims since Muldrow didn't impact the standards at issue in those types of claims, but I do welcome any questions that the court has concerning these claims. I think it might be helpful for you to focus on the vacation time observation, allegation in the complaint. The complaint says that the defendant allowed white workers to take vacation time and not black workers. How can that not state a claim under Title VII? Sure. So, the reason that we don't think that that states a claim under Title VII is because it was a single inference of being denied use of vacation time. A single instance of discrimination is a single instance of discrimination. You don't have to have multiple instances of discrimination to violate the act. That's true, Your Honor. But a single denial of use of vacation time, it's not taking the vacation time away? It may well be that there was no discrimination, but that's not for the complaint, right? What the district court found and what you're arguing is that an allegation, I wasn't allowed to take vacation time, doesn't even state a claim, even if it's true, even if blacks weren't allowed and whites were. How can that not state a claim? That's my question. Yes. So, the reason we don't think it states a claim is because that doesn't cause harm to any identifiable term or condition of employment. If I want to go on vacation to see my new granddaughter and I'm not allowed to do that and told I should take vacation at a time when, oh, my child might be out of the country and I can't see the granddaughter, you think that's not a harm? I don't think that causes some harm. And the reason I say that is because I think it's better characterized as a minor inconvenience that is not protectable under Title VII. Typically, employment policies regarding vacation are subject to employer approval. It's not as if you're just entitled to take vacation on any day that you want without approval. If the approval rule is applied neutrally without regard to race, sex, you know, the usual list of categories, then there's no substantive violation and you win at summary judgment. I'm trying to figure out why you think, as the district judge said expressly, that vacation issues just don't matter under Title VII. That was the holding of the district court attributed to this court. How can that have survived Muldrow? I think it survives Muldrow because it's more akin to an employee preference or a minor inconvenience. That just goes along with being- But, counsel, don't you need to go get to discovery to determine the harm? You know, taking Judge Easterbrook's hypothetical, you know, Justice Kagan had some really interesting language about the answers about harm lie in the eye of the beholder. And you get that through discovery, right? So doesn't Muldrow say those kinds of claims should go into discovery? And then you can get to your harm point at summary judgment, right? Yes, to some degree that is true. But the difference with this case, and specifically the pleading at issue, is that it doesn't detail how he was harmed in terms of the terms or conditions of his employment. Those are things that could have been pled at the time and should have been pled at the time. Why? To put JBS on notice of what- Why must this be in the pleading? Because otherwise- The pleading doesn't have to allege damages at all. Rule 9G says that special damages have to be alleged, but ordinary damages just don't have to be in the complaint. So how can a complaint be dismissed for not having more information about damages? You're not arguing that special damages are being sought here. No, I'm- and I apologize if I misarticulated. I'm trying to argue that the complaint doesn't contain enough information about the sum harm that resulted from these changes to his employment. But why does it have to be in the complaint? You're just saying the complaint has to plead damages in some detail. And Rule 9G says it doesn't. I'm claiming- So how is your position consistent with the rules? I'm claiming he has to plead an adverse action. As this court has said under Tamayo, he has to plead an adverse action. What makes an adverse action plausible now under the Muldrow standard is whether it caused him some harm to an identifiable term or condition of employment. The pleading as pled doesn't identify the sum harm. Instead, it's identifying- Certainly it does. It identifies lack of a desired vacation. But I don't think that lack of a desired vacation is enough to get to a sum harm.  Judge Maldonado referred to the language in Muldrow. What it says is what the transferee does not have to show, according to the relevant text, is that the harm incurred was significant or serious or substantial or any similar adjective suggesting that the disadvantage to the employee must exceed some particular bar. No, and I- It has to show that it's substantial or significant or, in the district judge's phrase, word material. So thank you for bringing that up. I thought that the concurrences in the Muldrow decision were especially helpful on this point. So they brought up that the lower courts have used this kind of significance or materiality language to describe what makes an adverse action cognizable throughout the years. And Justice Alito, in particular, explained that while using those types of words may imply, like, it needs to be beyond, like, more than any type of harm. It has to be something more significant because of the word significant. What they were really trying to get at is that not every unwanted thing that happens to an employee in the workplace is legally actionable. Not every unwanted thing may be not harm, right? That was the question that I asked your adversary, who was trying very hard to dance around the list. But if you're looking at this complaint, there is one thing that looks like it's unambiguously an allegation of harm. It may not be significant or substantial, but Muldrow says it doesn't need to be. Let me ask you your answer on a different allegation. That's the February 2022, that they changed his shift permanently, isolating him and making the job more difficult and less desirable. What more does Thomas need to say to allege some harm under your argument? Under our argument, he would need to allege how it was more difficult or how it was less desirable because those are just conclusions. There's nothing there to suggest in what way it was more difficult or less desirable. And it could just be his particular preference, which we don't think an employee preference constitutes some harm under Muldrow. Aren't you drawing the inferences there for your client? You know, because for me, you know, you take away a co-worker. There could be possibly some harm. And that's, I think, an inference, probably a reasonable one in my view. Why is that not enough, especially with the pro se plaintiff pleading? Why can't that inference be made? Specific to taking away a co-worker? I mean, that's something that I don't see as carrying a reasonable inference of being positive, negative, or neutral. Like, there needs to be facts to provide that color as to what the harm was. Yeah, but can't we use our common sense? Yes. Right. If Judge Easterbrook were not here, we'd be worse off, right? Not to be flippant, but what if we disagreed with him on things?  But I guess, to me, it's a reasonable inference if you lose a co-worker. Now, there are some details there. Was it a two-person shift, a 10-person shift? What were their relative duties? But making an inference, you get to some harm.  Isn't your argument increasing Muldrow then so that we're going to see very long complaints with plaintiffs pleading, this harmed me because of this, this, and that? I mean, do we really want to encourage that? I think on the flip side, do we really want to disencourage or disincentivize plaintiffs from pleading any real harm at all? I mean, under the plaintiff's briefing, I believe the standard that they are articulating is that you could just identify any change to your employment, and then that would be enough to get you over a 12B6 hurdle. But the change doesn't always carry with it a reasonable inference of harm. And so, you could get around kind of a dismissal at the 12B6 stage by just doing less. There's a whole list of model complaints that are deemed sufficient as a matter of law. One of them, the whole complaint says the plaintiff was run down by a motor car on Boylston Street in Cambridge, Massachusetts, period. That's the complaint. It doesn't allege his injuries. It doesn't allege negligence. It just says the plaintiff was run down by a motor car. On your view, would that be a sufficient complaint? If he said it was because of a protected characteristic, yes. No, not because of anything. It's not a Title VII complaint. It's a tort complaint. Yes, in that instance, sure. Yeah. It doesn't allege injury. That particular complaint. I have to admit it's been a while since I've taken to it. But it's canonical. It's a matter of law. It must be accepted. That's what the rules provided about the model form complaints. And that would be true. I could liken that to a Title VII complaint just alleging I was terminated because of my race. That's our loss, right? That's enough. That's enough under Sperkovitz. I agree. But being terminated carries with it a reasonable inference of harm. Suppose the complaint said I was denied my vacation because of my race, period. And that's it. A one-sentence complaint. I don't think that would be sufficient. Why is that any different from I was run down by an auto on Boylston Street? Because I don't think being denied vacation carries with it a reasonable inference of harm. But the complaint does not have to allege damages. It really doesn't. But under Tamayo it has to allege an adverse action. And the legal contours of a claim dictate what has to be pledged to make it plausible. And so without a plausible adverse action, you can't survive a motion to dismiss. So you think Sperkovitz was wrongly decided? I'm sorry? You think Sperkovitz was wrongly decided? Because it says that the kind of complaint we've been talking about is adequate. I don't think that case was wrongly decided. I just think it's different when part of the claim that you have to plead is an adverse action. And Muldrow now says what an adverse action is. Sperkovitz was a Title VII case, right? I'm sorry? You are making the mistake that the Supreme Court rejected in Sperkovitz of supposing that the complaint must allege every element of a prima facie case. You have to allege action. You have to allege a race. You have to allege an adverse outcome. You have to allege causation. You have to allege damages. That's what the District Court held and the Supreme Court unanimously reversed. And said you don't have to allege every element of a claim. Right? So do you think Sperkovitz was wrongly decided? I think it's, I don't think it's wrongly decided, but you have to put it in context of this court's case in Tamayo v. Loboyevich. And it says that fair notice, or is that while the plaintiff's burden isn't a high one, they do have to plead an adverse action to state a claim for relief. And where does that come from in either Rule 8 or Rule 9 or the Supreme Court's jurisprudence? So this court in Concentra, EOC v. Concentra from 2007, states that the type of facts that must be alleged depend upon the legal contours of the claim. The legal contours of this claim do involve an adverse action. Otherwise, I could plead I was discriminated against because they paid me more. Right? That's what worries me. It sounds like you're back to the complaint must allege each element of a claim. And that's what Sperkovitz expressly rejected. Said a complaint does not have to do that. I'm not saying it does, but it has to state a plausible claim for relief. And without an adverse action, how can we... That's what you're saying. Without alleging each element of the claim, you don't have a plausible claim. And therefore, on that view, Sperkovitz is wrongly decided. But we're not at liberty to overrule the Supreme Court. Before you go, are you abandoning your timeliness argument? I see you didn't raise it this morning and it's post-reply brief, so... Abandoning our timeliness argument with respect to his failure to provide the motion to dismiss? Yes. No, we're not abandoning that argument. Thank you. Thank you, Ms. Knapp. Anything further, Mr. Duggan? I would just like to reiterate to the court that Muldrow addressed the appropriate proof standard and not the appropriate pleading standard. And that, as the court recognized, harm is not something that is required to be alleged at this stage in the proceedings. Mr. Thomas, again, is a pro se plaintiff. He filled out the district court's pro se plaintiff's complaint, which requires only five things. An allegation of who violated your rights, what each defendant did, when they did it, where it happened, and why they did it, if you know. And nowhere does the complaint form require that harm be stated. The pleading standards are, again, present a very low bar to Mr. Thomas. They only require three things. For employment discrimination in a hostile work environment, it's that the plaintiff allege the type of discrimination that he suffered, who did it, and when. And with respect to retaliation, that the plaintiff engaged in protected activity and was retaliated against because of that protected activity. The question of whether there was some harm is appropriately addressed after the parties have had an opportunity to conduct discovery. And that is not at this stage in the proceedings. With that, we ask that the court vacate and remand the district court's judgment dismissing Mr. Thomas' claims. Thank you. Thank you very much. And we appreciate your willingness to accept the appointment, your willingness and that of the Legal Aid Clinic, and your assistance to the court as well as your client. The case is taken under advisement.